UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PEXIP, INC.,** | Civil Action No. |
| Plaintiff, | |
| vs. | |
| **TELESYNERGY HEALTH SYSTEMS, INC.** | **COMPLAINT** |
| Defendant. | |

Plaintiff, **PEXIP, INC.** d/b/a Pexip (hereinafter referred to as "Pexip" or "Plaintiff"), by and through its attorneys, Peri Stewart Malia, for and as its complaint against Defendant, **TELESYNERGY HEALTH SYSTEMS, INC.** (hereinafter referred to as "Telesynergy" or "Defendant"), respectfully states and alleges as follows:

## NATURE OF THE SUIT

This is an action for money damages arising from the breach of a certain Service Provider License Agreement between Plaintiff and Defendant pursuant to which Plaintiff provided Defendant with software and related services for a fixed annual fee.

## PARTIES

1. Plaintiff is a Delaware corporation with offices and a place of business located at 13461 Sunrise Valley Drive, Suite 103, Herndon, VA 20171.

2. Defendant is an Arizona corporation with offices and a principal place of business located at 11610 N. 17th Place, Phoenix, Arizona 85020.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. Diversity of citizenship exists because Plaintiff is a citizen of Delaware and Defendant is a citizen of Arizona.

4. Jurisdiction over the Defendant and venue is proper. Defendant has agreed to submit to the jurisdiction of this Court when it consented to "the exclusive jurisdiction of, and venue in, any federal or state court of competent jurisdiction located in New York County, New York for the purposes of adjudicating any matter arising or in connection with this Agreement" pursuant to Section 12 of the Service Provider License Agreement between the parties dated March 31, 2023.

**FACTS COMMON TO ALL
COUNTS OF THE COMPLAINT**

5. Pexip and Telesynergy entered into a certain Service Provider License Agreement dated March 31, 2023 (the "License Agreement"). A true and complete copy of the License Agreement with Appendices is attached hereto collectively as Exhibit "A" and made a part hereof.

6. The License Agreement was executed by Jordan Owens as the duly authorized CTO, Americas of Pexip

7. The License Agreement was executed by Anil Srivastava as the duly authorized Director of Telesynergy.

8. Pursuant to the Quote Terms and Conditions of the License Agreement, Defendant agreed to purchase and Pexip agreed to supply certain items with a start date of June 30, 2023.

9. Pexip provided all items and/or services required by the Contract.

10. Defendant made no payments pursuant to the Contract.

11. Defendant was invoiced for but failed to make payments commencing on September 29, 2023.

12. Defendant failed and refused to pay the amount of $215,000.00 required by the terms of the License Agreement.

13. Defendant breached the terms of the Contract by non-payment as aforesaid.

14. Plaintiff issued multiple demands for payment, but Defendant has failed and refused to make any payment.

15. As a proximate result of the conduct of Defendant, Plaintiff has suffered damages in an amount of at least $215,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION

### Breach of Contract

16. Plaintiff, Mr. Escobar, repeats and reiterates the allegations contained in Paragraphs 1 through 15 of the Complaint as if fully set forth at length herein.

17. The duly authorized representatives of Plaintiff and Defendant executed the Contract.

18. Plaintiff performed all terms of the Contract.

19. Defendant breached the terms of the Contract by failing to make payment of $215,000.00.

20. Multiple demands for payment have been issued by the Plaintiff.

21. Defendant has failed and refused to make any payments.

22. As a proximate result of said breach, Plaintiff has suffered damages in an amount of at least of $215,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

### Unjust Enrichment

23. Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through 22 of the Complaint as if fully set forth at length herein.

24. In the alternative, Defendant is liable to Plaintiff for unjust enrichment. Defendant received and used software and technology provided by Plaintiff during 2023 and 2024 without paying any compensation therefor. As a result thereof, Defendant has been unjustly enriched. Defendant cannot return its use of the software and technology for the Unpaid Period.

25. As a proximate result of the conduct of Defendant, Defendant has been unjustly enriched to the extent of at least of $215,000.00, and it is against equity and good conscience to allow Defendant to retain the benefits bestowed upon it as alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION

### Breach of Covenant of Good Faith and Fair Dealing

30. Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through 29 of the Complaint as if fully set forth at length herein.

31. Implicit in every contract under the laws of the State of New York, is a covenant of good faith and fair dealing which obligates the parties to act in good faith, to use their best efforts to fairly deal with one another, and to avoid impeding the other party from obtaining the benefits of the contract.

32. Defendant breached said covenant by and through the utilization of the licenses without payment therefore, repeatedly promising payment but failing to make such payment, despite the Plaintiff's performance of all of its contractual obligations owned to Defendant.

33. As a direct and proximate result of the breach by Defendant of the covenant of good faith and fair dealing, Plaintiff has suffered damages in an amount in at least $215,000.00.

**WHEREFORE**, Plaintiff, **PEXIP, INC.** respectfully demands judgment against Defendant, **TELESYNERGY HEALTH SYSTEMS, INC.**, as follows:

a. Compensatory Damages against Defendant in an amount of at least of Two Hundred Fifteen Thousand Dollars ($215,000.00) as to Counts One, Two Three of the Complaint;

b. Punitive damages against Defendant in an amount in excess of One Million Dollars ($1,000,000.00) as to Count Three of the Complaint;

c. Attorney's fees, expenses and costs of suit as to Counts One, Two and Three of the Complaint;

d. Pre-judgment interest at the rate of 9% per annum as to Counts One, Two and Three of the Complaint;

e. Post-judgment interest at the rate of 9% per annum as to Counts One, Two and Three of the Complaint; and

f. Such other and further relief as the Court may deem just, proper and equitable.

Dated: Fairfield, New Jersey
August 15, 2025

Respectfully submitted,
**PERI STEWART MALIA**

By:   /s/ Michael T. Stewart
      Michael T. Stewart, Esq.
      271 Route 46 West
      Suite C201
      Fairfield, NJ 07004
      Tel. (973) 521-7426
      e-mail mstewart@peristewart.com
      Attorneys for Plaintiff, Pexip, Inc.